IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01176-PSF-CBS

LEROY SAMUELS,
    Applicant,
v.

ALLEN STANLEY,
COLORADO BOARD OF PAROLE
COLORADO ATTORNEY GENERAL,
STATE OF COLORADO, and
LOU ARCHULETA, Warden (L.C.F.)
    Respondents
_____

RECOMMENDATION AND ORDER OF
UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This matter comes before the court on Leroy Samuels' Application for a Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in State Custody ("Petition"), filed July 7, 2006 (doc. #4).  On Aug. 1, 2006, the District Court entered an Order to Show Cause requiring Respondents to show cause why the Petition should not be granted. At the same time the District Court entered an Order of Reference, referring this case to the Magistrate Judge for recommendation on the Petition.  Respondents filed their "Answer to Application for Writ of Habeas Corpus" ("Answer") on August 22, 2006.

    This court has reviewed the Petition, Respondents' Answer, the entire case file, and the applicable law and is fully advised in the premises.  For the reasons discussed below, it is recommended that the Petition be denied and this civil action be dismissed

with prejudice.

I.      Background

Samuels is incarcerated in the Limon Colorado Facility ("LCF") of the Colorado Department of Corrections ("CDOC").  In his Petition, Samuels contests the results of his parole "hearing"[1] held on March 20, 2006, in which the Colorado State Board of Parole ("Parole Board") granted Samuels' request for parole, but ordered that Samuels be released on parole on his mandatory release date ("MRD"), October 11, 2006. (Chuck Pullin Affidavit, doc. #17-2 at pg.1of 3). Samuels raises three issues.  First, Samuels contends that his due process rights were violated by the Parole Board because his application for parole prior to his MRD of October 11, 2006, was rejected during a parole interview on April 27, 2006. Samuels claims that at that interview he was "denied the right to be heard, denied any and all paperwork that the Colorado Board of Parole inten [sic] on using to consider or denied petitioners parole." (Petition, at pg 2 of 9). Second, Samuels contends the Parole Board denied him due process at the parole interview on March 20, 2006 because of his "mental disabilitys, and denied him the right to take part  in State ran [sic] programs, because of his race, and handicap . . . ." (Petition, at pg. 3 of 9).  Finally, Samuels alleges an equal protection violation asserting that he was "singled out because of his race, (African-American), and mental disabilitys." (Petition, at pg. 3 of 9).

The Respondents argue first that Samuels' claim is moot because parole has

---

[1] Samuels refers to a parole "hearing" which was an interview with Chuck Pullin the Parole Board's Release Hearing Officer. The court notes that in Colorado, parole interviews are not "hearings", nor are they subject to the Colorado Administrative Procedures Act. § 17-1-111, C.R.S. (Answer at pg. 5). Hereinafter "hearing" will be construed to mean "interview."

2

been granted. (Answer at pg. 3). Further, Respondents contend that the March 20th parole interview was conducted in accordance with the procedures prescribed by Colorado law, and that the interview procedure does not violate the Constitution or federal law. (Answer at pg. 3-4). Finally, Respondents assert that Samuels' equal protection claim fails as a matter of law as Samuels has not demonstrated that he was treated differently than similarly situated persons. (Answer at pg. 7).

II.     Standard of Review

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A petition for writ of habeas corpus is properly brought where the petitioner attacks the fact or duration of his confinement and seeks the remedy of shortened confinement or immediate release. McIntosh v. United States Parole Commission, 115 F.3d 809, 812 (10th Cir. 1997).

The Colorado Parole Board's decision depends upon an amalgam of elements, some of which are factual and many of which are purely subjective appraisals by the board members based upon their experience. White v. People, 866 P.2d 1371, 1373 (Colo. 1994). "[T]he decision of the parole board may not be overturned unless it was arbitrary, capricious or an abuse of discretion." Schuemann v. Colorado State Board of Parole, 624 F.2d 172, 173 (10th Cir. 1980). Federal courts may not reweigh evidence, rule on credibility matters, or substitute their judgment for the judgment exercised by a parole board. Fiumara v. O'Brien, 889 F.2d 254, 257 (10th Cir. 1989).

III.   Analysis

    A.   Samuels' Habeas Corpus Petition for Parole is Moot

The "[c]onstitutional mootness doctrine is grounded in the Article III requirement that federal courts may only decide actual ongoing cases or controversies." Prier v. Steed, 456 F.3d 1209, 1212 (10th Cir. 2006) (internal quotation marks and citations omitted). "If the issues no longer live or the parties lack a legally cognizable interest in the outcome, the case is moot." Prier, 456 F.3d at 1212 (internal quotation marks and citations omitted). *Cf.* United States v. Meyers, 200 F3d 715, 718 (10th Cir. 2000) ("when the injury for which an appellant seeks judicial relief disappears or is resolved extrajudicially prior to the appellate court's decision, the appellant can no longer satisfy the Article III case or controversy jurisdictional requirement and the appeal is moot") (citation omitted).

Samuels has been ordered released on his MRD, Oct. 11, 2006, as recommended by the Release Hearing Officer, Chuck Pullin, and accepted by the Parole Board. (Chuck Pullin Affidavit, doc. #17-2 at pg. 2 of 3). Samuels no longer has a legally cognizable interest in the outcome, as he has been granted parole. Thus, the Petition is moot.

    B.   Samuels' Due Process Right to Parole Hearing

Samuels contends that he was "denied due process of law, at a hearing on April 27, 2006, in which petitioner was denied the right to be heard, denied any and all paper work that the Colorado Board of Parole inten [sic] on using to consider or denied petitioners parole." (Petition, at p.2 of 9). Samuels also contests, on due process

4

grounds that are unclear, the results of his parole hearing held on March 20, 2006, in which the Parole Board granted Samuels' request for parole, but ordered that Samuels be released on parole on his MRD.

The Due Process Clause of the Fourteenth Amendment guarantees due process only when a person is to be deprived of life, liberty, or property. U.S. Const. amend. XIV, § 1. The Due Process Clause "shields from arbitrary or capricious deprivation those facets of a convicted criminal's existence that qualify as ‹liberty interests.' " Harper v. Young, 64 F.3d 563, 564 (10th Cir. 1995). To establish a due process violation, the plaintiff must first demonstrate that he has been deprived of a constitutionally protected right. Boutwell v. Keating, 399 F.3d 1203 (10th Cir. 2005). Generally, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979); *see also* Lustgarden v. Gunter, 966 F.2d 552, 555 (10th Cir. 1992) ("Parole is a privilege; there is no constitutional or inherent right to parole."). However, a state may provide a statutory liberty interest through the use of mandatory language in its parole statute, which limits the parole board's discretion or creates a presumption of release. *Id.* (interpreting Nebraska statute to mandate parole unless one of several enumerated conditions applied) *See also* Board of Pardons v. Allen, 482 U.S. 369 (1987) (similarly interpreting Montana statute to create a liberty interest in parole).

The Supreme Court of Colorado has interpreted Colorado's parole statute and determined that the Parole Board is given the "sole power to grant or refuse to grant parole." *See* Colo. Rev. Stat. § 17-2-201(5)(a); Martinez v. Furlong, 893 P.2d 130,

131 (Colo. 1995) (*en banc*).  Therefore, "the Colorado statutory scheme does not create a constitutionally protected entitlement to, or liberty interest in, parole." Thompson v. Riveland, 714 P.2d 1338, 1340 (Colo. App. 1986).  Under a discretionary parole scheme such as Colorado's, which does not create an entitlement to or liberty interest in parole, an inmate is not entitled to due process protections. Greenholtz, 442 U.S. at 7. Thus, Samuels' claim for violation of due process fails.

      C.      Violation of Equal Protection

Samuels contends, without elaboration, that the Parole Board violated his equal protection rights because he was singled out and denied the right to take part in unspecified programs. (Petition, at pg. 3 of 9). However, Samuels does not indicate in his Petition when he was singled out, or which programs he was not allowed to take part in. "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). Nevertheless, the Equal Protection Clause requires that no state deny any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV.  The fundamental guarantee of the Equal Protection Clause is that "all persons similarly situated shall be treated alike." City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985). The Equal Protection Clause does not forbid classifications, but simply prevents government decision makers from treating differently persons who are in all relevant respects alike. Juarez v. Renico, 149 F. Supp. 2d 319, 324 ( E.D. Mich. 2001).

To prevail on a claim that attacks the constitutionality of a state's action, a plaintiff must detail the facts forming the basis of the claim. Blinder, Robinson & Co. v. United States SEC, 748 F.2d 1415, 1419 (10th Cir. 1984). A failure to provide such specific factual allegations renders the complaint vague and conclusory. Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir. 1986). Vague or conclusory allegations are insufficient to state a claim for relief. Swoboda v. Dubach, 992 F.2d 286, 289-290 (10th Cir. 1993); *see also* Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1986) (conclusory allegations insufficient).

Here, Samuels alleges no facts in the Petition that support his claim that he "was singled out and discriminated against." (Petition, at p.3 of 9). Samuels claims the reason he was denied the right to take part in the programs at LCF was "cause of his race, (African American), and mental disabilitys." (Petition, at p.3 of 9).  Samuels fails to indicate how he was treated differently from other similarly situated inmates. Samuels fails to allege that other similarly situated inmates were able to participate in the programs at LCF. Samuels has failed to provide specific factual allegations of a violation of his equal rights. Thus Samuels' equal protection claim fails.

### D. Evidentiary Hearing

Samuels requests "a complete evidentiary hearing before this Honorable Court." (Petition, at pg. 5 of 9) ( Motion of Objection, doc #18). Generally, a petitioner is "entitled to an evidentiary hearing if his allegations, if true and not contravened by the record, entitle him to habeas relief." Walker v. Gibson, 228 F.3d 1217, 1231 (10th Cir.

2000). *See also* 28 U.S.C. §2254(e)(2) (limiting the circumstances in which a court reviewing a habeas corpus petition can conduct an evidentiary hearing). Samuels does not explain what evidence or materially disputed factual issues he believes would be illuminated by an evidentiary hearing. Samuels' request for an evidentiary hearing is properly denied.

### E.     Appointment of Counsel

Finally, Samuels requests legal counsel be appointed "because your petitioner do not know my rights under the color of state law, any and all other relief this Honorable Court deems proper and just under the United States Constitution, and laws...." (Petition, pg. 5 of 9)(Motion of Objection, doc #18).

Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. Merritt v. Faulkner, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also* Johnson v. Howard, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel." Mallard v. United States District Court for the Southern Dist. of Iowa, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court. Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). "[T]he district court has

broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted).  In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." Hill v. Smithkline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." Hill, 393 F.3d at 1115 (citation omitted).  "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." Hill, 393 F.3d at 1115 (citation omitted).

The court has given careful consideration to Samuels' request for appointed counsel and to all of the appropriate factors.  As a *pro se* litigant, Samuels is afforded a liberal construction of his papers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Samuels has thus far adequately expressed himself and presented his claims unaided by counsel.  Upon review of Samuels' Petition, the court does not find sufficient reason to warrant the appointment of counsel.  The court is within its discretion in declining to request counsel to represent Samuels.

Accordingly,

IT IS RECOMMENDED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, by a Person in State Custody, be DENIED and that this civil action be DISMISSED with prejudice.

Further, IT IS ORDERED that Samuels' "Motion of Objetion [sic]" (filed September 13, 2006, doc. # 18, docketed by the Clerk of the Court as a request for sanctions, a hearing, and counsel, and referred to the Magistrate Judge by doc. # 19) is DENIED.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1);  Fed. R. Civ. P. 72(b);  In re Griego, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made.  28 U.S.C. § 636(b)(1).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review by the district court.  *See* In re Griego, 64 F.3d at 583;  United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or appellate review." One Parcel of Real Property, 73 F.3d at 1060. Failure to make timely objection to the magistrate judge's proposed findings and recommendations may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See* Vega v. Suthers, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); One Parcel of Real Property, 73 F.3d at 1059-60 (a party's objection to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc., 52 F.3d 901, 904 (10th Cir. 1995) ( by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portion of the ruling); Ayala v. United States, 980 F.2d 1342, 1352 (10th Cir. 1992) (by failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).

Dated at Denver, Colorado, this 24th day of October, 2006.

                BY THE COURT:

                *s/Craig B. Shaffer*
                United States Magistrate Judge