IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-01176-PSF-CBS

LEROY SAMUELS,

       Applicant,

v.

ALLEN STANLEY,
COLORADO BOARD OF PAROLE,
COLORADO ATTORNEY GENERAL,
STATE OF COLORADO, and
LOU ARCHULETA, Warden (L.C.F.),

       Respondents.

**ORDER ACCEPTING AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the Recommendation of United States Magistrate Judge (Dkt. # 20), filed October 24, 2006, in which the Magistrate Judge recommends that this Court deny Petitioner's Application for a Writ of Habeas Corpus (Dkt. # 3) and dismiss this case with prejudice. Petitioner Leroy Samuels, appearing *pro se*, has not objected to the Magistrate Judge's Recommendation. The Court's review of the Magistrate Judge's Recommendation is governed by 28 U.S.C. § 636(b)(1) and F.R.Civ.P. 72(b). As no party has objected to the Recommendations, the Court can review the Recommendation simply to determine if it constitutes clear error. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it

deems appropriate."). Nevertheless the undersigned has conducted a *de novo* review of the record and the Recommendation, and concludes that the Recommendation represents a correct application of the facts and the law and is not clearly erroneous.

## I.   BACKGROUND

The underlying facts giving rise to the petitioner's filing of his application for a writ of habeas corpus are adequately set forth in the Recommendation of the Magistrate Judge and need not be detailed here.  In sum, Mr. Samuels, incarcerated at the Limon Colorado Facility of the Colorado Department of Corrections, filed an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which was accepted by the Clerk of this Court on June 20, 2005, and filed an Amended Application, which was received by this Court on July 7, 2005.  Mr. Samuels contends that the Colorado State Board of Parole violated his due process rights and equal protection rights in connection with a parole determination made on March 20, 2006. Respondents allege that the claim is moot as parole has been granted and that no constitutional violations occurred.

## II.   ANALYSIS

The Magistrate Judge's Recommendation finds that petitioner's claim is moot. Recomm. at 4.  Because Mr. Samuels was ordered released on October 11, 2006, which was his mandatory release date, he no longer has a legally cognizable interest in the outcome.  *Id.*  The Court agrees with the Magistrate Judge's finding.  Under Article III of the United States Constitution, federal courts may only decide actual ongoing cases or controversies.  *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006).

Therefore, if the issues "are no longer live or the parties lack a legally cognizable interest in the outcome, the case is moot." *Id.* (internal quotation marks omitted).

Here, Mr. Samuels challenges the circumstances surrounding his parole determination; however he has subsequently been granted parole and released from prison. The Supreme Court has held that if a prisoner has been released from custody while his habeas petition is pending, a court's jurisdiction depends on the existence of "collateral consequences" of the challenged conviction. *Spencer v. Kemna*, 523 U.S. 1, 14 (1998); *see also Roberts v. Callahan*, 321 F.3d 994, 998 (10th Cir. 2003) (habeas petitioner alleged collateral consequences, and court found such consequences where petitioner was dishonorably discharged from the military and has forfeited allowances). Mr. Samuels alleges no such collateral consequences, and this Court does not find any from the face of the application. Thus Mr. Samuels can no longer satisfy the Article III case or controversy jurisdiction requirement. *See Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) ("A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution."); *see also Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (finding prisoner's claims for declaratory and injunctive relief moot when he was no longer in custody); *Fratis v. Ortiz*, 2006 WL 2211737 at *2 (10th Cir., Aug. 4, 2006) (petitioner's arguments that due to alleged improper reincarceration she was "set back considerably" and that she "lost a signficant amount of time" were insufficient to establish collateral consequences and her claim was moot where she had returned to the conditional release program as she requested in her habeas petition).

Because of the Court's determination that petitioner's claim is moot, the Court will not address the Magistrate Judge's other bases for denying the application and dismissing the case.

## III.   CONCLUSION

After reviewing the underlying objections and the record *de novo*, and in light of the foregoing discussion, the Court concludes that the Recommendation represents a correct application of the facts and the law and is not clearly erroneous.

Accordingly, it is

ORDERED as follows:

1. The Court ACCEPTS and ADOPTS the Recommendation of United States Magistrate Judge (Dkt. # 20), filed October 24, 2006; and

2. The Court DENIES Petitioner's Application for a Writ of Habeas Corpus (Dkts. ## 3 and 4).

The case is DISMISSED with prejudice.

DATED: November 28, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge